AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **V.** | (For Offenses Committed On or After November 1, 1987) |
| SONNY JONES (1) | |
| aka Jones S Sonny | Case Number:   3:24-CR-00998-RSH |

Patrick Martin Griffin
_____
Defendant's Attorney

**USM Number**          13704-506

☐  –

THE DEFENDANT:

☒  pleaded guilty to count(s)     1 of the Indictment _____

☐  was found guilty on count(s)     _____
      after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 18:922(g)(1), 924(a)(2); 18:924(d)(1), 28:2461(c) - Felon in Possession of a Firearm | 1 |

The defendant is sentenced as provided in pages 2 through ____**9**____ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) _____

☐  Count(s) _____ is     dismissed on the motion of the United States.

☒  Assessment :  $100.00 imposed
      –

☐  JVTA Assessment*: $
      -

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒  No fine     ☒  Forfeiture pursuant to order filed     4/25/2025     , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

April 25, 2025
_____
Date of Imposition of Sentence

_____
HON. ROBERT S. HUIE
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| DEFENDANT: | SONNY JONES (1) | Judgment - Page **2** of 9 |
|---|---|---|
| CASE NUMBER: | 3:24-CR-00998-RSH | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
Time served

☐    Sentence imposed pursuant to Title 8 USC Section 1326(b).

☐    The court makes the following recommendations to the Bureau of Prisons:

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant must surrender to the United States Marshal for this district:

    ☐    at _____ A.M.    on _____

    ☐    as notified by the United States Marshal.

☐    The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    on or before

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | SONNY JONES (1) | Judgment - Page **3** of 9 |
| CASE NUMBER: | 3:24-CR-00998-RSH | |

## SUPERVISED RELEASE
Upon release from imprisonment, the defendant will be on supervised release for a term of:
3 years

## MANDATORY CONDITIONS
1.  The defendant must not commit another federal, state or local crime.
2.  The defendant must not unlawfully possess a controlled substance.
3.  The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.

    ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4.  ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5.  ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6.  ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7.  ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

3:24-CR-00998-RSH

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | SONNY JONES (1) | Judgment - Page **4** of 9 |
| CASE NUMBER: | 3:24-CR-00998-RSH | |

## STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed   because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation   officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

DEFENDANT:       SONNY JONES (1)                                Judgment - Page **5** of 9
CASE NUMBER:     3:24-CR-00998-RSH

## SPECIAL CONDITIONS OF SUPERVISION

1. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.
2. Submit to a search of person, property, house, residence, office, vehicle, papers, cellular phone, computer or other electronic communication or data storage devices or media effects, conducted by a United States Probation Officer or any federal, state, or local law enforcement officer, at any time with or without a warrant, and with or without reasonable suspicion. Failure to submit to such a search may be grounds for revocation; you shall warn any other residents that the premises may be subject to searches pursuant to this condition.
3. Must not associate with any person who you know, or who a probation officer or other law enforcement officer informs you is a Neighborhood Crips criminal street gang member or any other known criminal street gang member or known participant in a criminal street gang, unless given permission by the probation officer.
4. Must not wear, display, use or possess any insignias, photographs, emblems, badges, buttons, caps, hats, jackets, shoes, flags, scarves, bandanas, shirts or other articles of clothing that are known to represent criminal street gang affiliation, association with or membership in the Neighborhood Crips criminal street gang or any other criminal street gang, unless given permission by the probation officer.
5. Must not knowingly loiter, or be present in locations known to be areas where gang members congregate, unless given permission by the probation officer.
6. Must not display any known gang signs or gestures.
7. Be monitored for a period of 180 days, with the location monitoring technology at the discretion of the probation officer. The offender must abide by all technology requirements and must pay all or part of the costs of participation in the location monitoring program, as directed by the court and/or the probation officer. In addition to other court-imposed conditions of release, the offender's movement in the community must be restricted as specified below:

*(Home Detention)*

You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as preapproved by the probation officer.

//

3:24-CR-00998-RSH

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                       SOUTHERN DISTRICT OF CALIFORNIA
10    UNITED STATES OF AMERICA,              Case No. 24-CR-0998-RSH
11                      Plaintiff,           PRELIMINARY ORDER OF
                                             CRIMINAL FORFEITURE
12          v.
13    SONNY JONES,
14                      Defendant.
15

16          WHEREAS, in the Indictment the United States sought forfeiture of all right, title,

17    and interest in all firearm and ammunition of Defendant SONNY JONES ("Defendant"),

18    pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States

19    Code, Section 2461(c) as the firearm and ammunition involved in the commission of the

20    offense set forth in Count 1 of the Indictment which alleges violation of Title 18, United

21    States Code, Sections 922(g)(1) and 924(a)(2) as charged in Count 1 of the Indictment; and,

22          WHEREAS, on or about September 17, 2024, Defendant pled guilty before

23    Magistrate Judge Michael S. Berg to the offense set forth in Count 1 of the Indictment,

24    charging the defendant with felon in possession of a firearm in violation of Title 18, United

25    States Code, Sections 922(g)(1) and 924(a)(2), consented to the forfeiture allegations of the

26    Indictment, and agreed pursuant to Title 18, United States Code, Section 924(d)(1) and

27    Title 28, United States Code, Section 2461(c), to forfeit all firearm and ammunition seized

28    in connection with this case including but not limited to the following:

1      a.     One (1) loaded Taurus G3C nine-millimeter caliber handgun bearing serial

2               number ACE961291;

3      b.     Twelve rounds of nine-millimeter caliber ammunition; and

4      WHEREAS, on October 8, 2024, this Court accepted the guilty plea of Defendant

5 and on April 25, 2025, Defendant appeared before the Court for sentencing including

6 forfeiture; and

7      WHEREAS, by virtue of the facts set forth in the plea agreement, the Court finds

8 that the United States has established the requisite nexus between the forfeited firearm and

9 ammunition and the offense; and,

10      WHEREAS, by virtue of said guilty plea and the Court's oral pronouncement of

11 forfeiture at sentencing, the United States is now entitled to possession of the above-

12 referenced firearm and ammunition, pursuant to Title 18, United States Code, Section

13 924(d)(1) and Title 28, United States Code, Section 2461(c) and Rule 32.2(b) of the Federal

14 Rules of Criminal Procedure; and,

15      WHEREAS, pursuant to Rule 32.2(b), the United States having requested the

16 authority to take custody of the above-referenced firearm and ammunition which were

17 found forfeitable by the Court at sentencing; and

18      Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

19      1.     Based upon the guilty plea of the Defendant to Count 1 of the Indictment, the

20 United States is hereby authorized to take custody and control of the following firearm and

21 ammunition, and all right, title and interest of Defendant SONNY JONES in the firearm

22 and ammunition are  hereby forfeited to the United States pursuant to Title 18, U.S.C.

23 § 924(d)(1), and Title 28, United States Code, Section 2461(c) for disposition in

24 accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

25      a.     One (1) loaded Taurus G3C nine-millimeter caliber handgun bearing serial

26               number ACE961291; and

27      b.     Twelve rounds of nine-millimeter caliber ammunition.

28

2.      The aforementioned forfeited assets are to be held by the Bureau of Alcohol Tobacco and Firearms in its secure custody and control.

3.      Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.  The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States.  The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4.      Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the firearm and ammunition in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited firearm and ammunition must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5.      This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the firearm and ammunition, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited firearm and ammunition and any additional facts supporting the petitioner's claim and the relief sought.

6.      The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the firearm and ammunition that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7.    Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

8.    Pursuant to Rule 32.2(b)(4), this Order of Forfeiture is hereby made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgement.

**IT IS SO ORDERED.**

DATED: 4/25/25

*Robert S Huie*

Honorable Robert S. Huie
United States District Judge

- 4 -                    24-CR-0998-RSH